UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joshua Bernard Smith,                   Case No. 18-cv-3481 (SRN/SER)

       Petitioner,

v.                                                      **ORDER**

Sheriff Tim Leslie,

       Respondent.

---

Joshua Bernard Smith, 1000 Lake Shore Drive, Moose Lake, MN 55767, pro se.

Anna Light, Assistant Dakota County Attorney, 1560 Highway 55, Hastings, MN 55033, on behalf of Respondent.

---

SUSAN RICHARD NELSON, United States District Judge

       Before the Court are Petitioner Joshua Bernard Smith's Objections [Doc. No. 24] to the May 28, 2019 Report and Recommendation (R&R) [Doc. No. 23] filed by Magistrate Judge Steven E. Rau. The R&R addressed Smith's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) [Doc. No. 1]. In the R&R, the magistrate judge recommends that the Petition [Doc. No. 1] be dismissed without prejudice as premature; and that Smith's demand for Discovery of Written Interrogatories, Production of Documents, and Request for Admission [Doc. No. 9], and Smith's Motion to Compel Discoveries, Interrogatory Questions in Document #10 [Doc. No. 21] be denied. For the reasons set forth below, the Court overrules Smith's Objections, adopts the R&R in its entirety, and dismisses the Petition without prejudice.

1

**I. Background**

Petitioner Joshua Bernard Smith was charged on August 7, 2018 in Dakota County, MN with various crimes following a May 4, 2018 vehicle stop. (Gov't Ex. A [Doc. No. 14-1]). Smith asserted himself as a Sovereign Citizen and requested the Minnesota Court of Appeals find the Dakota County District Court lacked personal jurisdiction over him. (Gov't Exs. B, C). The Minnesota Court of Appeals rejected the request, and Smith appealed to the Minnesota Supreme Court. (Gov't Exs. D, E, F). The Minnesota Supreme Court denied review on December 18, 2018. (Gov't Exs. E, F).

On January 9, 2019, Smith was found guilty of a fifth-degree controlled substance offense (possession) and two counts of driving while impaired. (Gov't Ex. G). Smith was ultimately sentenced to 87 months' imprisonment on March 20, 2019. *State of Minnesota v. Joshua Bernard Smith*, Case No. 19HA-CR-19-2000 (Dakota Cty. Dist. Ct.).

Smith filed the instant habeas petition on December 17, 2018 asserting Sovereign Citizen arguments. Specifically, Smith asserts that he is a "registered business entity" that appeared "by way of special appearance" in the Minnesota state criminal prosecution in order to assert that he did not "submit to the corporate jurisdiction of the court." [Doc. No. 1]. Smith requests immediate release from custody. [Doc. No. 1].

**II. Magistrate Judge's Findings and Recommendations**

As relevant to Smith's Objections, in the R&R, the magistrate judge ruled that Smith's Petition was premature because Smith had not exhausted his remedies in state court, and thus, the Petition should be dismissed without prejudice. Specifically, the magistrate judge noted that, regardless of the merit of Smith's Sovereign Citizen claims,

the Petition is premature because Smith's time for appeal had not yet run. Accordingly, the magistrate judge also denied Petitioner's Demand for Discovery of Written Interrogatories, Production of Documents, and Request for Admission [Doc. No. 9]. The magistrate judge also denied Petitioner's Motion to Compel Discoveries, Interrogatory Questions in Document #10 [Doc. No. 21].

### III. Smith's Objections

Smith filed objections to the R&R in which he advances three arguments. First, Smith contends that the magistrate judge's determination that the Petition is premature is misleading because Smith has proceeded in the lower courts' judicial processes. [Doc. No. 24] at 2. Second, Smith argues that the R&R is incorrect in stating that Smith has not given the state courts an opportunity to fully address his claims because Smith contends he has given the lower court an opportunity to review his claim. *Id.* at 3. Finally, Smith objects to the magistrate judge's statement in footnote 4 of the R&R that it is "highly doubtful any of [Smith's] claims for relief would survive scrutiny…" *Id.* at 5. Smith argues that the magistrate judge fails to demonstrate that Smith is not entitled to relief, and that the magistrate judge has not provided any evidence to support the statement that Smith is not entitled to relief. *Id.* at 5.

### IV. Discussion

The district court must undertake an independent, de novo review of those portions of the R&R to which a party has properly objected. D. Minn. L.R. 72.2(b). In that review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C);

*accord* D. Minn. L.R. 72.2(b). Pursuant to Local Rule 72.2, objections must be "specific." D. Minn. L.R. 72.2(b)(1).

Smith argues throughout his objections that the Petition was not premature and that he has given the state courts every opportunity to address his claims. [Doc. No. 24] at 3. However, the law on habeas petitions states that a state prisoner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Due to the fact that Smith sought habeas relief while his criminal case was still pending, and although Smith has now been convicted and sentenced, as of the time of his Petition, his time for appeal had not yet run. Therefore, as the magistrate judge correctly noted, Smith had not given the state courts the opportunity to fully address his claims, and thus, his Petition was filed prematurely and must be dismissed. Accordingly, the Court overrules Smith's Objections, adopts the R&R, and dismisses the Petition without prejudice.

Additionally, Smith's objection to footnote 4 of the R&R does not affect the ultimate recommendation, as the magistrate judge correctly noted that regardless of the merit of Smith's Sovereign Citizen claims, his Petition is still premature. Thus, footnote 4 does not bear on the ultimate recommendation of the magistrate judge because the R&R did not make a recommendation on the merit of Smith's claims. Accordingly, the Court overrules Smith's Objections and adopts the R&R.

In order to appeal an adverse decision on a § 2254 petition, a petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless "the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Fleiger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, this Court declines to issue a Certificate of Appealability.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections to the May 28, 2019 Report and Recommendation [Doc. No. 24] are **OVERRULED.**

2. The May 28, 2019 Report and Recommendation [Doc. No. 23] is **AFFIRMED** and **ADOPTED;**

3. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, [Doc. No. 1], is **DISMISSED WITHOUT PREJUDICE.**

4. Petitioner's Demand for Discovery of Written Interrogatories, Production of Documents, and Request for Admission, [Doc. No. 9], and Petitioner's Motion to Compel Discoveries, Interrogatory Questions in Document #10, [Doc. No. 21], are **DENIED.**

5. A certificate of appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 26, 2019

                                               s/Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge